# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

WARREN KING,

     Petitioner,

     vs.

BRUCE CHATMAN, Warden, Georgia
Diagnostic and Classification
Center,

     Respondent.

CV 212-119

## ORDER

Presently before the Court is Respondent's Answer-Response to Petitioner's Amended Petition for Writ of Habeas Corpus. Dkt. No. 31.

## I. Background

On October 4, 1994, the Appling County Grand Jury indicted Petitioner Warren King for malice murder, two counts of felony murder, armed robbery, burglary, false imprisonment, aggravated assault, and possession of a firearm during the commission of a felony. Dkt. No. 14-1, Ex. 1A, at 4-10. On September 24, 1998, Petitioner was convicted of all these counts except felony murder. Dkt. No. 14-21, Ex. 3C, at 1918-20.

AO 72A
(Rev. 8/82)

On September 25, 1998, following the sentencing phase of trial, the jury found that the following statutory aggravating circumstances existed to impose the death penalty:

- the offense of murder was committed while Petitioner was engaged in the commission of another capital felony, armed robbery;

- the offense of murder was committed while Petitioner was engaged in the commission of a burglary;

- Petitioner committed the offense of murder for himself or another, for the purpose of receiving money or other things of monetary value; and

- Petitioner committed murder as an agent of another person, Walter Smith.

Id. at 1921-23. The jury recommended a sentence of death, and the trial court sentenced Petitioner to death. Id. at 1922, 1924; Dkt. No. 14-22, Ex. 3D, at 1925. Petitioner was further sentenced to consecutive sentences of life imprisonment for armed robbery, 20 years for burglary, 20 years for aggravated assault, 10 years for false imprisonment, and 5 years for possession of a firearm during the commission of a felony. Dkt. No. 14-22, Ex. 3D, at 1926-30.

On October 28, 1998, Petitioner filed a motion for new trial and an amendment thereto in November 1999. Id. at

AO 72A
(Rev. 8/82)

1946-48, 1976-94. On February 7, 2000, following a hearing, this motion was denied. Id. at 2006.

Petitioner appealed his conviction and sentence to the Supreme Court of Georgia, which on November 30, 2000, affirmed Petitioner's convictions and sentence of death. Dkt. 18-13, Ex. 43; King v. State, 273 Ga. 258 (2000). On December 15, 2000, Petitioner's motion for reconsideration was denied. Dkt. No. 18-15, Ex. 45. Thereafter, Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied on June 28, 2002. Dkt. Nos. 18-16, Ex. 46; 18-22, Ex. 51; 18-23, Ex. 52; 18-24, Ex. 53; 18-25, Ex. 54; 18-26, Ex. 55; 18-27, Ex. 56; 18-28, Ex. 57; King v. Georgia, 536 U.S. 957 (2002).

On October 28, 2002, Petitioner filed a state habeas corpus petition in the Superior Court of Butts County, Georgia, and an amendment thereto on January 31, 2008. Dkt. Nos. 18-29, Ex. 58; 19-35, Ex. 103. In mid-December 2008, an evidentiary hearing was conducted. Dkt. No. 19-37, Ex. 105A. On April 20, 2010, the state habeas corpus court entered an order denying relief. Dkt. No. 25-3, Ex. 156. On July 22, 2010, Petitioner filed in the Supreme Court of Georgia an application for a certificate of probable cause to appeal from the denial of habeas corpus relief. Dkt. No. 25-5, Ex. 158A. On November 7, 2011, the Supreme Court of Georgia denied this application for a

AO 72A
(Rev. 8/82)

certificate of probable cause to appeal. Dkt. No. 25-10, Ex. 160. Thereafter, Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied on June 11, 2012. Dkt. Nos. 25-11, Ex. 161; 25-12, Ex. 162; 25-13, Ex. 163; King v. Humphrey, 132 S. Ct. 2743 (2012).

On June 28, 2012, Petitioner filed his federal petition for writ of habeas corpus. Dkt. No. 1. On February 1, 2013, the Court ordered Petitioner to file an amended petition, which Petitioner filed on May 2, 2013. Dkt. Nos. 28; 29. Respondent filed an answer in response to the amended petition. Dkt. No. 31.

## II. Legal Standard

Because Petitioner filed his federal habeas corpus petition in 2012, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), provides the standard of review.

Because "federal habeas review exists only to review errors of constitutional dimension," a habeas corpus petition must meet the "heightened pleading requirements [of] 28 U.S.C. § 2254 Rule 2(c)." McFarland v. Scott, 512 U.S. 849, 856, 861 (1994) (citation omitted). "[T]he petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting Rule 2(c) of the Rules Governing § 2254

AO 72A
(Rev. 8/82)

Cases in the United States District Courts [hereinafter § 2254 Rules]). Accordingly, general references to the transcripts, case records, and briefs on appeal fail to comply with Rule 2(c). See, e.g., Phillips v. Dormire, No. 4:04CV1483TCM, 2006 WL 744387, at *1 (E.D. Mo. Mar. 20, 2006) (citing Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990)); Grant v. Georgia, 358 F.2d 742, 742 (5th Cir. 1966) (per curiam) ("The application fails to allege any facts upon which the trial court could find a deprivation of a constitutional right, or any other basis for collateral attack. Mere conclusionary allegations will not suffice." (citation omitted)).

The burden of proof is on the habeas petitioner "to establish his right to habeas relief[,] and he must prove all facts necessary to show a constitutional violation." Blankenship v. Hall, 542 F.3d 1253, 1270 (11th Cir. 2008); see also Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) ("If there has been no evidentiary hearing in state court on an issue raised on habeas corpus, one is required if the petitioner alleges facts which, if true, would entitle him to relief."); Hill v. Linahan, 697 F.2d 1032, 1036 (11th Cir. 1983) (per curiam) ("The burden of proof in a habeas proceeding is always on the petitioner."). "A habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it." Dupree v. Warden, 715 F.3d 1295, 1299

(11th Cir. 2013).  And, he must state specific, particularized
facts that consist of sufficient detail to enable the court to
determine, from the face of the petition, whether the petition
merits further habeas corpus review.  See Mayle, 545 U.S. at 655
("Notice pleading is not sufficient [in habeas proceedings], for
the petition is expected to state facts that point to a real
possibility of constitutional error." (quoting Advisory
Committee Note to Rule 4 of § 2254 Rules) (brackets and internal
quotation marks omitted)).  Therefore, the mere assertion of a
ground for relief, without more factual detail, does not satisfy
a petitioner's burden of proof or the requirements of 28 U.S.C.
§ 2254 and Rule 2(c) of § 2254 Rules.  See Benjamin v. Sec'y for
Dep't of Corr., 151 F. App'x 869, 873-74 (11th Cir. 2005) (per
curiam) (noting that "the Supreme Court has required . . . that
petitioners must (1) include all grounds on which they sought
relief, and (2) allege facts in support of each ground
asserted"); Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir.
1985) (stating that "a habeas corpus petitioner must allege
specific errors in his counsel's performance to support a claim
for ineffective assistance of counsel").

AO 72A
(Rev. 8/82)

## III. Discussion

### A. Unexhausted Claim

Respondent asserts that a portion of Claim 6 ¶ 61—wherein Petitioner alleges misconduct on the part of the grand jurors in that they gave improper consideration of matters extraneous to the bill of indictment—is unexhausted. Dkt. No. 31 ¶ 6. Petitioner concedes that this portion of Claim 6 ¶ 61 is unexhausted and withdraws that portion from his petition. See Dkt. No. 37, at 5-6.

### B. Non-Cognizable Claim

Respondent asserts that Claim 9 is not cognizable under 28 U.S.C. § 2254. Dkt. No. 31 ¶ 7. In support, Respondent points to the state habeas court's finding that Claim 9 (Claim 8 of Petitioner's amended state habeas petition) was not a cognizable claim for relief under O.C.G.A. § 9-14-42(a).[1] Id. (citing Dkt. No. 25-3, Ex. 156, at 7); see also Dkt. No. 39, at 4 (briefing why the claim is non-cognizable).

Claim 9 asserts that Petitioner's execution by lethal injection is cruel and unusual punishment in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Dkt. No. 29, at 50.

---

[1] Despite Petitioner's assertion that the state habeas court held that this claim was without merit rather than finding it non-cognizable, Dkt. No. 37, at 6, the state habeas court expressly held that Petitioner's claim "is non-cognizable"—thereafter noting that the claim would be without merit if it was cognizable. Dkt. No. 25-3, Ex. 156, at 7.

Specifically, Petitioner argues that the use of pentobarbital, which has been used in a number of executions in Georgia since 2012, represents a significant change from past executions that "will likely cause Petitioner to consciously suffer an excruciatingly painful and protracted death." Id. ¶ 68. Further, this risk is enhanced by an alleged lack of sufficient safeguards, criteria, and standards regarding the manner in which the execution is to be carried out. Id. ¶ 69.

Claim 9 is not cognizable. A suit under 42 U.S.C. § 1983, "not a habeas proceeding, is the proper way to challenge lethal injection procedures." Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1261 (11th Cir. 2009) (per curiam) (citing Hill v. McDonough, 547 U.S. 573, 579-83 (2006)); McNabb v. Comm'r Ala. Dep't of Corr., 727 F.3d 1334, 1344 (11th Cir. 2013). By challenging the state's method of execution, Petitioner is challenging a circumstance of his confinement rather than attacking the validity of his conviction or sentence—thereby making his claim non-cognizable. McNabb, 727 F.3d at 1344.

C. Procedural Default

Respondent asserts that the following claims are procedurally defaulted: Claim 3; Claim 5 ¶ 52; Claim 5 ¶ 53; Claim 5 ¶ 54; Claim 5 ¶ 55; Claim 5 ¶ 56; Claim 5 ¶ 58; Claim 5 ¶ 59; and all of Claim 6 except for the portion challenged as

AO 72A
(Rev. 8/82)

unexhausted.[2]  Dkt. No. 31, at 10-13 (arguing that 18 distinct portions are procedurally defaulted).  Petitioner withdraws all of Claim 6 and part of Claim 5, that is, paragraphs 58 and the latter part of 59 (involving allegations of improper prosecutor argument at either phase of trial).  Dkt. No. 37, at 9-10.

### 1. Legal Standard

### a. Procedural Default

"The doctrine of procedural default dictates that a state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim."  Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010) (citation, brackets, and internal quotation marks omitted).  "However, a state court's rejection of a federal constitutional claim on procedural grounds may only preclude federal review if the state procedural ruling rests upon 'adequate and independent' state grounds."  Id. (citation omitted).

An "adequate and independent" state court decision is one that "rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Lee v. Kemna, 534 U.S. 362, 374-75 (2002) (citation and emphasis omitted).  Whether a state procedural rule is "adequate and

---

[2] See supra Part III.A.

independent" as to have a preclusive effect on federal review of a claim "is itself a federal question." Id. (citation omitted).

A state procedural rule is independent of the federal question when it "rest[s] solidly on state law grounds [that are] not . . . 'intertwined with an interpretation of federal law.'" Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001) (quoting Card v. Dugger, 911 F.2d 1494, 1516 (11th Cir. 1990)). A state procedural rule is "adequate" if it is both "firmly established and regularly followed." Kemna, 534 U.S. at 376 (citation omitted). This does not mean that the procedural rule must be rigidly applied in every instance, or that occasional failure to do so eliminates its "adequacy." Rather, the "adequacy" requirement means only that the procedural rule "must not be applied in an arbitrary or unprecedented fashion." Judd, 250 F.3d at 1313; see also Card, 911 F.2d at 1517 ("[A] state court's procedural rule must be faithfully and regularly applied and must not be manifestly unfair in its treatment of a petitioner's federal constitutional claim." (citations omitted)).

The Eleventh Circuit has established a three-part test to enable federal courts to determine when a state court's procedural ruling constitutes an independent and adequate state rule of decision. Ward, 592 F.3d at 1156 (citation omitted). "First, the last state court rendering a judgment in the case

must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim." Id. (citation omitted). "Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law." Id. at 1156-57. "Third, the state procedural rule must be adequate, i.e., firmly established and regularly followed and not applied in an arbitrary or unprecedented fashion." Id. at 1157 (citation and internal quotation marks omitted). The Eleventh Circuit qualified the first prong of the test with the following observation from the Supreme Court:

> The problem we face arises, of course, because many formulary orders are not meant to convey anything as to the reason for the decision. Attributing a reason is therefore both difficult and artificial. We think that the attribution necessary for federal habeas purposes can be facilitated, and sound results more often assured, by applying the following presumption: Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion "fairly appears to rest primarily upon federal law, we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place." Similarly[,] where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

AO 72A
(Rev. 8/82)

11

*Id.* at 1156 n.5 (quoting <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991)). Thus, "[w]hen the last state court rendering judgment affirms without explanation, [a federal court will] presume that it rests on the reasons given in the last reasoned decision." <u>Mason v. Allen</u>, 605 F.3d 1114, 1118 n.2 (11th Cir. 2010) (per curiam).

Absent reason for contrary treatment, a state court's clear finding of procedural default under the state court's own rules is afforded an amount of deference. This deference is so strong that:

> [A] state court need not fear reaching the merits of a federal claim in an <u>alternative</u> holding. Through its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.

<u>Bailey v. Nagle</u>, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam) (alteration and emphasis in original) (quoting <u>Harris v. Reed</u>, 489 U.S. 255, 264 n.10 (1989)); <u>see also</u> <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549-51 (11th Cir. 1994) (stating that, as to a state court's finding that the petitioner's claims were procedurally barred as successive and that the claims lacked merit based on the evidence, "[t]his ruling in the alternative [did] not have the effect . . . of blurring the clear

AO 72A
(Rev. 8/82)

determination by the [Georgia habeas corpus] court that the allegation was procedurally barred").

b. Exceptions to Procedural Default

There are two situations in which an otherwise adequate and independent state ground will not bar a federal habeas court from considering a constitutional claim that was procedurally defaulted in the state courts: (1) where the prisoner had good cause for not following the state procedural rule and was prejudiced by not having done so; and (2) where failure to consider a prisoner's claims will result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991) ("[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." (citations and internal quotation marks omitted)); Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006) ("A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to

correct a fundamental miscarriage of justice." (citations omitted)).

### i. Cause and Prejudice

The "cause and prejudice" standard is framed in the conjunctive. Thus, a petitioner must affirmatively prove both cause and prejudice. Cf. Ward, 592 F.3d at 1157 ("It is well established that if the petitioner fails to show cause, [the court] need not proceed to the issue of prejudice.").

"To show cause, the petitioner must demonstrate 'some objective factor external to the defense' that impeded his effort to raise the claim properly in state court." Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)); see also Amadeo v. Zant, 486 U.S. 214, 221-22 (1988). Objective factors that constitute cause include "interference by officials" that makes compliance with the State's procedural rule impracticable and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Zeigler v. Crosby, 345 F.3d 1300, 1305 (11th Cir. 2003) (per curiam) (quoting Carrier, 477 U.S. at 488). In addition, "ineffective assistance [of counsel] adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, attorney error short of ineffective assistance of counsel does not constitute cause and will not excuse a

AO 72A
(Rev. 8/82)

procedural default. <u>McCleskey v. Zant</u>, 499 U.S. 467, 493–94 (1991). Further, "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." <u>Reed v. Ross</u>, 468 U.S. 1, 16 (1984).

If cause is established, a habeas petitioner must also prove "actual prejudice from the alleged constitutional violation." <u>Ward</u>, 592 F.3d at 1157. "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." <u>Spencer v. Sec'y, Dep't of Corr.</u>, 609 F.3d 1170, 1180 (11th Cir. 2010) (citation omitted). Such a showing must go beyond proof "that the errors at his trial created a <u>possibility</u> of prejudice, but that they worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982); <u>see also</u> <u>Ward</u>, 592 F.3d at 1157 ("[T]o show prejudice, a petitioner must demonstrate that the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." (citation and internal quotation marks omitted)).

### ii. Fundamental Miscarriage of Justice

"[I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim." Ward, 592 F.3d at 1157. In a "rare," "extraordinary,"[3] and "narrow class of cases,"[4] a federal court may consider a procedurally defaulted claim in the absence of a showing of cause and prejudice for the procedural default if either (1) a fundamental miscarriage of justice "has probably resulted in the conviction of one who is actually innocent," Smith v. Murray, 477 U.S. 527, 537-38 (1986) (quoting Carrier, 477 U.S. at 496), or (2) the petitioner shows "by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty," Schlup v. Delo, 513 U.S. 298, 323 (1995) (quoting Sawyer v. Whitley, 505 U.S. 333, 336 (1992)).

---

[3] See Schlup v. Delo, 513 U.S. 298, 321 (1995) ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, [the Supreme] Court explicitly tied the miscarriage of justice exception to the petitioner's innocence." (emphasis added)).

[4] McCleskey, 499 U.S. at 494 ("Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice." (emphasis added)).

AO 72A
(Rev. 8/82)

2. Application

a. Claim 3

Claim 3 asserts that "Petitioner's execution would be a miscarriage of justice in violation of the Eighth and Fourteenth Amendments to the United States Constitution, because, at the time of the offense, Petitioner was similar to juveniles categorically protected from execution."[5] Dkt. No. 29, at 23 (capitalization altered). The state habeas court found that the claim was procedurally defaulted because "Petitioner failed to raise [it] on direct appeal and . . . failed to establish cause and actual prejudice, or a miscarriage of justice, sufficient to excuse his procedural default." Dkt. No. 25-3, Ex. 156, at 5.

The state habeas court relied on state law when it clearly and expressly found that these claims were procedurally defaulted for failure to raise them at trial or on direct appeal. Id. The state habeas court made its ruling without interpreting federal law. Id. Moreover, Georgia's procedural default rules—including the procedural default doctrine under O.C.G.A. § 9-14-48(d) and the successive petition doctrine under O.C.G.A. § 9-14-51—are firmly and regularly applied and have been given deference by the Eleventh Circuit. See, e.g., Ward,

---

[5] This claim is based upon Petitioner's expanded reading of Atkins v. Virginia, 536 U.S. 304 (2002), and Roper v. Simmons, 543 U.S. 551 (2005). Dkt. No. 29 ¶¶ 30-40.

AO 72A
(Rev. 8/82)

592 F.3d at 1176. Therefore, Claim 3 is procedurally defaulted unless Petitioner can show an applicable exception.

Petitioner contends that the Court may review Claim 3 based on Roper v. Simmons, 543 U.S. 551 (2005), being collaterally retroactive and previously unavailable during direct appeal, or there being a miscarriage of justice if there is not review of Claim 3 on the merits. Dkt. No. 37, at 8. Both arguments are without merit.

First, Roper does not apply because Petitioner was 18 years old at the time of the underlying offense. The Supreme Court in Roper addressed "whether it is permissible under the Eighth and Fourteenth Amendments to the Constitution of the United States to execute a juvenile offender who was older than 15 but younger than 18 when he committed a capital crime." 543 U.S. at 555-56. Despite Petitioner's argument based on him also being developmentally immature, Roper expressly drew a line at 18 years old for the age in which the imposition of the death penalty may be constitutionally permissible. See id. at 568, 574 (holding such while admitting that there are objections to a categorical rule, such as the qualities distinguishing juveniles from adults not disappearing when an individual turns 18). Therefore, Roper's retroactivity is inapposite to Petitioner's claim—rather, it expressly countenances Petitioner's death

AO 72A
(Rev. 8/82)

sentence—and its collaterally retroactive effect has no bearing on the case.

Second, not considering the claim's merits does not create a miscarriage of justice. Petitioner supports this argument with no legal or factual proffering, but only a single-sentence conclusion that "a miscarriage of justice would ensue" if the Court does not review Claim 3 on its merits. Dkt. No. 37. As to Claim 3, there is no showing that a fundamental error has probably resulted in the conviction of an actually innocent individual or that there is clear and convincing evidence that no reasonable juror would have found Petitioner eligible for the death penalty (let alone that Claim 3 asserts an applicable constitutional error). Therefore, Claim 3 is procedurally defaulted.

### b. Claim 5

Claim 5 asserts various forms of "misconduct by the prosecution team and other state agents [that] deprived Petitioner of his constitutional rights to due process and a fair trial, in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution." Dkt. No. 29, at 37. Respondent asserts that all of Claim 5 except paragraph 57 (averring improper use of peremptory challenges) is procedurally defaulted. See Dkt. No. 31, at 11-12. Indeed, the state habeas court found that these claims were procedurally

AO 72A
(Rev. 8/82)

defaulted. Dkt. No. 25-3, Ex. 156, at 6. In response, Petitioner withdraws paragraphs 58 and a portion of 59 of Claim 5 but contends that the other portions are not procedurally defaulted. Dkt. No. 37, at 9.

*i. Paragraphs 52-54, 56*

Petitioner contends that five of the challenged grievances were encompassed by Enumeration of Error 27 in his direct appeal brief before the Supreme Court of Georgia and thus that the state habeas court erred in finding them procedurally defaulted. Id. at 8-9 (citing Dkt. No. 18-9, Ex. 40C, at 269-275). The five claims are that:

- "[t]he State suppressed information favorable to the defense at both phases of the trial . . . in violation of Brady v. Maryland, 373 U.S. [83] ([1963]), and Kyles v. Whitley, 514 U.S. 419 (1995)," Dkt. No. 29 ¶ 52;

- "[t]he State took advantage of Petitioner's ignorance of the undisclosed favorable information by arguing to the jury that which it knew or should have known to be false and/or misleading," id.;

- "[t]he State failed to disclose benefits or promises extended to State witnesses in exchange for their testimony and allowed its witnesses to convey a false impression to the jury," id. ¶ 53;

AO 72A
(Rev. 8/82)

- "[t]he State elicited false and/or misleading testimony from State witnesses at trial," id. ¶ 54; and

- "[t]he state knowingly or negligently presented false testimony in pretrial and trial proceedings," id. ¶¶ 54, 56.

Indeed, the state habeas court held that these were procedurally defaulted. Dkt. No. 25-3, Ex. 156, at 6.

On direct appeal, Petitioner argued that "[t]he trial court erred by failing to require the state to reveal exculpatory information in its possession by allowing the state to commit Brady/Giglio violations." Dkt. No. 18-9, Ex. 40C, at 269. Specifically, Petitioner argued that certain circumstances prejudiced him and necessitated a change in his theory of defense: being tried before his co-defendant's trial; a grant of use-and-derivative-use immunity to his co-defendant; and the trial court's issuance of an ex parte order, less than a month before trial and after the prosecution assured him that there had been no deal with his co-defendant, that his co-defendant testify at trial. Id. at 271-74. Petitioner concluded by claiming that the prosecution failed to meet its Brady obligations and that "it is certain much more unproduced material is contained in the sealed record available" to the state court. Id. at 274-75.

AO 72A
(Rev. 8/82)

Petitioner's broadly worded claims are distinct from those raised on direct appeal. The state habeas court's finding of procedural default is entitled to deference, see, e.g., Bailey, 172 F.3d at 1305, as the state court expressly and solely relied on state law that is firmly established and regularly followed. See Dkt. No. 25-3, Ex. 156, at 5-6 (citing "Black v. Hardin, 255 Ga. 239 (1985); Valenzuela v. Newsome, 253 Ga. 793 (1985); O.C.G.A. § 9-14-48(d)"). Consequently, paragraphs 52, 53, 54 and 56 of Claim 5 are procedurally defaulted unless Petitioner has established cause and prejudice or a fundamental miscarriage of justice, which Petitioner has failed to argue. Therefore, these claims are procedurally defaulted.

### ii. Paragraph 55

Petitioner contends that paragraph 55 of Claim 5 was encompassed by Enumeration of Error 22 in his direct appeal brief before the Supreme Court of Georgia and thus that the state habeas court erred in finding it procedurally defaulted. Dkt. No. 37, at 9 (citing Dkt. No. 18-8, Ex. 40B, at 231-38). This portion of Claim 5 asserts that "[t]he prosecution improperly misled the jury as to the law of mental retardation in terms of the significance of a finding of guilty but mentally retarded, thus denying Petitioner a fair hearing on the issue of his retardation which comported with due process." Dkt. No. 29 ¶ 55. The enumeration of error on direct appeal stated that

AO 72A
(Rev. 8/82)

"[t]he trial court committed plain error when it allowed the prosecutor, during closing argument on the guilt—innocence mental retardation phase of the trial, after being warned not to do so, to commit intentional and flagrant violations of the law by purposefully telling the jury that a finding of mental retardation would mean the death penalty could not be imposed against appellant." Dkt. No. 18-8, Ex. 40B, at 231 (capitalization altered). Thus, the issue on direct appeal was not whether the law was correctly stated, but rather whether such a statement of the law "was completely improper argument by the State" because it was irrelevant to the "separate and distinct . . . question of guilt." Id. at 234-35.

Despite Petitioner's attempt to mingle his present attack on the statement of the law as misleading and former attack on the statement of the law in front of the jury as improper (albeit substantively correct), the state habeas court found that the claim was procedurally defaulted. Dkt. No. 25-3, Ex. 156, at 5-6. This determination is entitled to deference, see, e.g., Bailey, 172 F.3d at 1305, as the state court expressly and solely relied on state law that is firmly established and regularly followed. See Dkt. No. 25-3, Ex. 156, at 5-6 (citing "Black v. Hardin, 255 Ga. 239 (1985); Valenzuela v. Newsome, 253 Ga. 793 (1985); O.C.G.A. § 9-14-48(d)"). Beyond a general averment that he raised the claim on direct appeal and that the

AO 72A
(Rev. 8/82)

state habeas court erred, Petitioner does not argue why one of the exceptions to procedural default should apply. Therefore, paragraph 55 of Claim 5 is procedurally defaulted.

### iii. *Paragraph 59*

Although Petitioner withdraws the portion of paragraph 59 of Claim 5 dealing with improper prosecutor argument, Petitioner contends that the part pertaining to cross-examination was encompassed by Enumeration of Error 24 in his direct appeal brief before the Supreme Court of Georgia. Dkt. No. 37, at 9 (citing Dkt. Nos. 18-8, Ex. 40B, at 245-51; 18-9, Ex. 40C, at 252-55). Paragraph 59 states that "Petitioner's rights to due process and a fair trial were violated by improper and prejudicial remarks by the prosecution during its cross-examination of witnesses . . . at the guilt/innocence and sentencing phases of the trial." Dkt. No. 29 ¶ 59. The enumeration of error on direct appeal stated that "[t]he trial court erred by failing to declare a mistrial after the prosecutor, during cross-examination of one of [Petitioner's] experts [on Petitioner's alleged mental retardation], Dr. Earnest Miller, purposely engaged in illegal and intentionally inflammatory questioning." Dkt. No. 18-8, Ex. 40B, at 245 (capitalization altered).

Despite Petitioner's argument on direct appeal regarding improper cross-examination of a single expert witness, the state

AO 72A
(Rev. 8/82)

habeas court found that the claim for "improper and prejudicial remarks during [the State's] cross-examination of witnesses" was procedurally defaulted. Dkt. No. 25-3, Ex. 156, at 5-6. This determination is entitled to deference, see, e.g., Bailey, 172 F.3d at 1305, as the state court expressly and solely relied on state law that is firmly established and regularly followed. See Dkt. No. 25-3, Ex. 156, at 5-6. Although Petitioner contested on direct appeal the cross-examination of one witness, that ground is much narrower than the claim asserted in this action for cross-examination of unidentified witnesses. Beyond a general averment of raising the claim on direct appeal and error by the state habeas court, Petitioner does not argue why one of the exceptions to procedural default should apply. Therefore, paragraph 59 of Claim 5 is procedurally defaulted.

AO 72A
(Rev. 8/82)

## IV. Conclusion

For the aforementioned reasons, the Court is precluded from reviewing or will not review because of Petitioner's withdrawal the following claims:

- Claim 3;

- Claim 5 ¶¶ 52-56, 58-59;

- Claim 6; and

- Claim 9.

All other claims are properly before the Court on the merits.

**SO ORDERED**, this 7TH day of April, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)