# In the United States District Court for the Southern District of Georgia Brunswick Division

```
WARREN KING,

      Petitioner,

   v.                                    CV 2:12-119

WARDEN,
Georgia Diagnostic Prison,

      Respondent.
```

**ORDER**

This matter is before the Court on Petitioner Warren King's Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure and a Request for an Expansion of the Certificate of Appealability ("COA"). Dkt. No. 85. His motion specifically challenges the Order entered by this Court in January 2020 denying King's Petition for a Writ of Habeas Corpus but granting King a COA on certain issues (the "Habeas Order"). See Dkt. No. 83. The Court will assume the parties' familiarity with the facts and procedural history of this case, which is laid out in detail in the Habeas Order. For the reasons set forth below, King's motion will be **DENIED**.

The only grounds for granting a motion to amend or alter judgment under Rule 59(e) are "newly-discovered evidence or manifest errors of law or fact." United States v. Marion, 562 F.3d

1330, 1335 (11th Cir. 2009) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). Such a motion is not a means to "relitigate old matters, or to raise arguments or to present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Instead, the movant must "demonstrate why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993)).

Here, King identifies three issues that he argues merit alterations or amendments to the Habeas Order. First, he contends that this Court erred in failing to address the merits of certain arguments related to his alleged intellectual disability. Specifically, King argues that even though he raised several grounds for relief in Claim II of his amended habeas petition to this Court (the "Habeas Petition"), the Court only addressed one of those grounds in the Habeas Order, namely, that the 'beyond a reasonable doubt' standard of proof the state applied to his intellectual disability claim at trial violated the Eighth and Fourteenth Amendments to the United States Constitution (the "Standard of Proof Claim").

In the Habeas Order, the Court found that King's argument concerning the Standard of Proof Claim had been rejected by the Eleventh Circuit and that the Court was therefore bound by that holding. Dkt. No. 83 at 68-69. The Court further rejected the remaining arguments in Claim II of the Habeas Petition because "they were not briefed, and thus King [could not] satisfy his burden." Id. at 69. King argues that briefing on the merits of the Habeas Petition was not necessary to obligate a court to consider them.[1] In support, he cites to an Eleventh Circuit holding that the habeas rules do not require a court to allow briefing before it rules on the merits of a petition. Dkt. No. 85 at 5-6 (citing McNabb v Comm'r Ala. Dep't of Corr. 727 F.3d 1334, 1340 (11th Cir. 2013)).

However, the McNabb decision was not about whether courts may disregard arguments that petitioners fail to raise in briefing; rather, McNabb simply addressed whether the Court may rule on arguments raised in the petition *before* they are briefed. King has not cited any authority for the proposition that courts are required to consider arguments abandoned in briefing.[2] Moreover,

---

[1] King argues, in the alternative, that "the merits briefing before this Court provided significant additional pertinent information demonstrating [his] intellectual disability." Dkt. No. 85 at 6. However, merely because there may have been facts in his briefing that he might have relied upon to formulate certain arguments does not mean those arguments were raised.

[2] King also cites to Stewart v. Martinez-Villareal for the proposition that petitioners are "entitled to an adjudication of all of the claims presented" in an application for habeas relief. 523 U.S. 637, 643 (1998). However, this holding was meant to address whether a district court was required to consider

3

at least one circuit court has held that "[e]ven a capital defendant can waive an argument by inadequately briefing an issue." Fairchild v. Trammell, 784 F.3d 702, 724 (10th Cir. 2015) (quoting Grant v. Trammell, 727 F.3d 1006, 1025 (10th Cir. 2013)). Accordingly, the Court cannot find that King has demonstrated "manifest errors of law or fact" that would merit an altered judgment. Marion, 562 F.3d at 1335 (internal quotations omitted).

Furthermore, even to the extent that King was entitled to have the Court consider his unbriefed arguments in Claim II of the Habeas Petition, the Court finds that those arguments are procedurally barred because King did not exhaust them at the state level. It is well-settled that "before seeking habeas relief under § 2254, a petition 'must exhaust all state court remedies available for challenging his conviction.'" Preston v. Sec'y, Fla. Dep't of Corr., 758 F.3d 449, 457 (11th Cir. 2015) (quoting Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351 (11th Cir. 2012)). In Claim II, King alleges that the trial Court erred in finding that he was not intellectually disabled because the state's only witnesses to rebut his expert witnesses' testimony on this topic "admitted that his opinion was based on flawed testing and no information concerning adaptive functioning." Dkt. No. 29 at 22-23. However,

---

a *prior* habeas application rather than arguments that had been abandoned in briefing. Likewise, Cunningham v. Fla. Dep't of Corr., on which King also relies, did not address the distinction between claims raised in a petition and those raised in briefing.

in his brief to the state habeas court, King's only argument with respect to his intellectual disability was the Standard of Proof Claim. See Dkt. No. 65 at 319-33. Because his other claims were not alleged before the state habeas court, the Court cannot consider them here.[3]

Next, King argues that the Court should expand the COA to include both the Standard of Proof Claim and the remaining intellectual disability issues raised in Claim II of the Habeas Petition. As it concerns the Standard of Proof Claim, King essentially argues that because the Supreme Court in Atkins v. Virginia, 536 U.S. 304 (2002)—a decision that postdated his direct appeal—found that the execution of individuals with disabilities violated the Eighth Amendment, the state habeas court erred in concluding that the claim was barred by res judicata. As noted above, this Court rejected the Standard of Proof Claim in the Habeas Order, finding that it had been rejected in Raulerson v. Warden, an Eleventh Circuit decision that specifically addressed the Atkins decision. Dkt. No. 83 at 68-69 (citing 928 F.3d 987 (11th Cir. 2019)). Thus, King's argument with respect to Atkins is nothing more than an effort to relitigate a matter already decided

---

[3] The Court declines to consider King's additional argument that executing him would be a "miscarriage of justice" in light of his intellectual disability. Dkt. No. 85 at 10. Indeed, King does not identify any particular factual or legal error from the Habeas Order that would justify any sort of finding on his Rule 59 motion

in its prior decision, which this Court declines to do. See Baker, 554 U.S. at 485 n.5.

King argues that the Standard of Proof claim is nonetheless sufficiently "debatable" to justify a COA, particularly because the Raulerson decision was pending before the Supreme Court on a petition for certiorari. Dkt. No. 85 at 14, 14 n. 5. However, on March 30, 2020, the Supreme Court denied the petition in that case, effectively solidifying Raulerson's holding as the law in the Eleventh Circuit. Raulerson v. Warden, 206 L. Ed. 2d 498 (2020). As such, this Court cannot find that "jurists of reason could disagree with [this Court's] resolution of [King's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). The Court also declines to expand the COA for the remaining issues raised in Claim II because, as discussed above, those issues were unbriefed in the Habeas Petition and are otherwise procedural barred.

Finally, King argues that the Court should expand the COA to include certain ineffective assistance of counsel claims. In support, King points to several facts and legal contentions that he argues show his counsel's performance was deficient. However, King does not contend that any of these facts are the product of

6

"newly-discovered evidence," nor does he point to any "manifest errors of law or fact" from the Habeas Order. Marion, 562 F.3d at 1335 (internal quotation omitted). Instead, his argument is primarily a critique of several alleged errors by the state habeas court. As noted above, the role of a Rule 59 motion is not to "relitigate old matters, or to raise arguments or to present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co., 554 U.S. at 485 n.5. The Court will not review and reconsider its entire ineffective assistance analysis from the Habeas Order merely because King disagrees with the outcome of that decision. Accordingly, King's Motion to Alter or Amend Judgment and Request for an Expansion of the COA is **DENIED**.

**SO ORDERED**, this 22nd day of June, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA